# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DAVID M. HOLLEY,

                Plaintiff,

v.                                 CIVIL ACTION NO. 3:08-0065

CSX TRANSPORTATION, INC.,
a corporation,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CSX Transportation, Inc.'s Motion to Transfer (Doc. 16). For the reasons explained below, the motion is **GRANTED**.

### Background

On December 4, 2005 the plaintiff was injured while working for the defendant as a conductor. He was walking alongside a train, releasing handbrakes on each railcar, when he tripped over a piece of metal banding. The accident occurred near Plymouth, Michigan, a suburb of Detroit. At the time, the plaintiff lived in the area.

Plaintiff first sought medical care on December 5, 2005 with Dr. Maria Cuevas in Oregon, Ohio – a suburb of Toledo, approximately sixty miles from Detroit. He continued to receive treatment from doctors in the Toledo area until March of 2006, when he relocated to Pritchard, West Virginia. After March, the plaintiff went back to Toledo at least once for surgery but received the bulk of his treatment from Kings Daughter's Medical Center clinics, in Ashland, Kentucky, just outside of Huntington, West Virginia.

The plaintiff filed his complaint in the Southern District of West Virginia, Huntington Division, on January 29, 2008. The defendant now requests a transfer to the Eastern District of Michigan at Detroit pursuant to 28 U.S.C. § 1404(a).

**Analysis**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." As this Court has previously noted, the following factors are commonly considered when evaluating a transfer motion: "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a [jury] view [of the accident site]; (6) the interest of having local controversies decided at home; and, (7) the interests of justice. *Ferrell v. Grange Ins.* 354 F.Supp.2d 675, 680 (S.D. W.Va. 2005) (Chambers, J.). Considerable weight should be given to the plaintiff's choice of forum; a transfer motion should not be granted if it merely shifts inconvenience from the plaintiff to the defendant. *Id.* Plaintiff's choice, however, does not subjugate all other factors in the analysis.

Here the relevant factors weigh in favor of a transfer to the Eastern District of Michigan at Detroit. It will be easier to access proof of the claim in Detroit. Liability witnesses such as supervisors, co-workers and physicians who provided initial treatment all reside and work in the area; documents relevant to the accident and the site itself are near Detroit. The factor of convenience favors Detroit. Medical evidence from doctors near Huntington is more relevant to damages than liability and these doctors are unlikely to provide live testimony. Detroit is more convenient for all witnesses who would be called to provide live testimony. It would also be much

cheaper to obtain the attendance of those witnesses in Detroit. A jury view of the accident site (though admittedly not likely) would only be possible in the case were held in Detroit. Finally, the interest in deciding local controversies at home clearly favors Detroit as a venue. This was an accident suffered by a plaintiff who then lived near Detroit, worked near Detroit, was injured near Detroit, and sought treatment near Detroit. In contrast, West Virginia gained an interest only when the plaintiff decided to move here three months after his injury.

To maintain this action the Court would have to conclude that the choice and convenience of the plaintiff, alone, outweighs nearly all other factors in the analysis. It cannot do so. Consequently, the defendant's motion to transfer venue to the Eastern District of Michigan at Detroit is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 28, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE